UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CENTER FOR IMMIGRATION STUDIES,

        Plaintiff,

    v.

U.S. CITIZENSHIP AND IMMIGRATION
SERVICES,

        Defendant.

Civil Action No. 22-2107 (TNM)

**MOTION FOR SUMMARY JUDGMENT**
**<u>MEMORANDUM IN SUPPORT THEREOF</u>**

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................................. i

TABLE OF AUTHORITIES .......................................................................................................... ii

FACTUAL BACKGROUND ......................................................................................................... 1

LEGAL STANDARD.................................................................................................................... 2

ARGUMENT ................................................................................................................................. 2

      I.     Defendant Appropriately Withheld Non-Segregable Information Under
           Exemption 5. ..................................................................................................... 3

      II.    Defendant Only Withheld Non-Segregable Information The Release of Which
           Would Cause Reasonably Foreseeable Harm. ....................................................... 5

CONCLUSION.............................................................................................................................. 8

# TABLE OF AUTHORITIES

## Cases

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986)................................................................. 2

*Brayton v. Off. of U.S. Trade,
  Rep.*, 641 F.3d 521 (D.C. Cir. 2011) ....................................... 2

*Comm. for Freedom of Press v. FBI*,
  3 F.4th 350 (D.C. Cir. 2021)..................................................... 4

*Ctr. for Investigative Reporting v. U.S. Customs & Border Prot.*,
  436 F. Supp. 3d 90 (D.D.C. 2019) ............................................ 5

*Dep't of Air Force v. Rose*,
  425 U.S. 352 (1976)................................................................. 2

*Dep't of Interior v. Klamath Water Users Protective Ass'n*,
  532 U.S. 1 (2001) ..................................................................... 4

*Dep't of Just.*,
  746 F.3d 1082 (D.C. Cir. 2014)................................................. 3

*FBI v. Abramson*,
  456 U.S. 615 (1982)................................................................. 3

*Food Mktg. Inst. v. Argus Leader Media*,
  139 S. Ct. 2356 (2019)............................................................. 3

*Formaldehyde Inst. v. Dep't of Health & Hum. Servs.*,
  889 F.2d 1118 (D.C. Cir. 1989)................................................. 4

*John Doe Agency v. John Doe Corp.*,
  493 U.S. 146 (1989)................................................................. 3

*Jud. Watch, Inc. v. Dep't of,
  Com.*, 375 F. Supp. 3d 93 (D.D.C. 2019) ................................. 5

*Jud. Watch, Inc. v. FDA*,
  449 F.3d 141 (D.C. Cir. 2006)............................................... 4, 5

*Leopold v. Dep't of Just.*,
  94 F.4th 33 (D.C. Cir. 2024)................................................. 5, 6

*Machado Amadis v. Dep't of State*,
  971 F.3d 364 (D.C. Cir. 2020)................................................. 5

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
  475 U.S. 574 (1986)................................................................. 2

*Pub. Citizen, Inc. v. Off. of Mgmt. & Budget*,
  598 F.3d 865 (D.C. Cir. 2010)................................................. 4

*Toensing v. Dep't of Just.*,
  890 F. Supp. 2d 121 (D.D.C. 2012).......................................... 3

## Statutes

5 U.S.C. § 552(a)(3)..................................................................... 2
5 U.S.C. § 552(a)(8)(A)................................................................ 5
5 U.S.C. § 552(b) .......................................................................... 3
5 U.S.C. § 552(b)(5) ..................................................................... 4

**Rules**

Fed. R. Civ. P. 56(a) ................................................................................................................. 2

By and through undersigned counsel, Defendant U.S. Citizenship and Immigration Services ("Defendant" or "USCIS") respectfully moves for summary judgment pursuant to Federal Rule of Civil Procedure ("Rule") 56 in this Freedom of Information Act ("FOIA") case. The only remaining issue is the applicability of Exemption 5 to redactions in one three-page document. As discussed further below, the redacted portions of the document consist of pre-decisional, intra-agency, deliberative recommendations to the Secretary of Homeland Security (the "Secretary") about a potential change in a particular aspect of foreign policy. These redactions fit squarely within the confines of Exemption 5. Accordingly, the Court should grant summary judgment in favor of Defendant.

## FACTUAL BACKGROUND

This case concerns Plaintiff's August 17, 2021, FOIA request for records related to the Department of Homeland Security's (the "Department's") May 22, 2021 announcement of a new Temporary Protected Status designation for the country of Haiti, and the subsequent Federal Register notification regarding the same. Compl. ¶ 6. Defendant completed its production of records on November 20, 2023, releasing all responsive information, except those portions that are exempt pursuant to FOIA Exemptions 5, 6, and 7(C) of the FOIA. *See* Declaration of Jarrod Panter ("Panter Decl."), ¶¶ 8-10.

On April 30, 2024, the parties conferred to address Plaintiff's challenges to the production and redactions, resulting in only one remaining challenge for decision by this Court; that is, Defendant's application of Exemption 5's deliberative process privilege to redactions in a July 27, 2021 Memorandum entitled "Modification of Continuous Residence Date for Temporary Protected Status for Haiti" (the "Memorandum"). *See* Def. Ex. A; s*ee also* Panter Decl., ¶ 11; Joint Status Report, ECF No. 28, ¶ 2. The Memorandum is a three-page document from USCIS Acting Director Tracy L. Renaud to the Secretary, reflecting USCIS's recommendation about a

modification to the continuous residence date. Panter Decl., ¶ 11. The withheld sections consist of Acting Director Renaud's recommendation and the bases for it. *Id.* The portions of the memorandum that remain visible include the sub-headings "Purpose," "Background," and "Recommendation," and a blank section reserved for the Secretary's signature denoting his approval, disapproval, instructions to modify, or indication that further discussion is needed. *See generally* Def Ex. A.

## LEGAL STANDARD

"[T]he vast majority of FOIA cases can be resolved on summary judgment." *Brayton v. Off. of U.S. Trade Rep.*, 641 F.3d 521, 527 (D.C. Cir. 2011). Summary judgment is appropriate if the pleadings and evidence show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). While the party seeking summary judgment must demonstrate the absence of a genuine issue of material fact, "the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (cleaned up). A genuine issue of material fact is one that "might affect the outcome of the suit under the governing law." *Id.* at 248. In determining whether a genuine issue of material fact exists, the trier of fact must view all facts, and reasonable inferences drawn therfrom, in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

## ARGUMENT

Congress enacted the Freedom of Information Act to "pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny[.]" *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976). The statute generally requires the government to "make the records promptly available to any person" who makes "any request for records[.]" 5 U.S.C. § 552(a)(3). While "the basic policy [is] disclosure, not secrecy[,]" Congress has recognized that "legitimate

governmental and private interests could be harmed by release of certain types of information[.]" *FBI v. Abramson*, 456 U.S. 615, 621 (1982).  Thus, Congress vested the government with authority to withhold information falling within one of nine enumerated exemptions.  5 U.S.C. § 552(b). FOIA's exemptions serve "important interests," such as protecting personal privacy, the identities of witnesses, law enforcement techniques, classified material, and more.  *Food Mktg. Inst. v. Argus Leader Media*, 139 S. Ct. 2356, 2366 (2019).  Those exemptions are "as much a part of FOIA's purposes and policies as the statute's disclosure requirement."  *Id.*  Thus, Congress created a "workable balance between the right of the public to know and the need of the Government to keep information in confidence to the extent necessary without permitting indiscriminate secrecy." *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989).

When a plaintiff challenges an agency's response to a FOIA request, the agency must show: (1) that it "conducted a search reasonably calculated to uncover all relevant documents," and (2) that "each document that falls within the class requested either has been produced or is wholly exempt from the Act's inspection requirements."  *Toensing v. Dep't of Just.*, 890 F. Supp. 2d 121, 131 (D.D.C. 2012) (cleaned up). Here, Plaintiff does not argue that Defendant failed to conduct an adequate search for all relevant documents. *See* Joint Status Report, ¶ 2, ECF No. 28. Rather, the only issue in this case is the applicability of Exemption 5 withholdings in the Memorandum. Those withholdings are proper.

## I.    Defendant Appropriately Withheld Non-Segregable Information Under Exemption 5.

"The agency bears the burden of establishing that a claimed exemption applies." *Citizens for Resp. & Ethics in Wash. v. Dep't of Just.*, 746 F.3d 1082, 1088 (D.C. Cir. 2014).  A court "may rely on non-conclusory agency affidavits demonstrating the basis for withholding if they are not contradicted by contrary evidence in the record or by evidence of the agency's bad faith." *Reps.*

*Comm. for Freedom of Press v. FBI*, 3 F.4th 350, 361 (D.C. Cir. 2021).  Here, USCIS, relying on Exemption 5, properly withheld information contained in a pre-decisional, deliberative, intra-agency memorandum from an acting director to the Secretary.

Exemption 5 protects from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."  5 U.S.C. § 552(b)(5).   "Courts have construed this exemption to encompass the protections traditionally afforded certain documents pursuant to evidentiary privileges in the civil discovery context, including materials which would be protected under the attorney-client privilege, the attorney work-product privilege, or the executive deliberative process privilege." *Formaldehyde Inst. v. Dep't of Health & Hum. Servs.*, 889 F.2d 1118, 1121 (D.C. Cir. 1989).  The deliberative process privilege protects "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated."  *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001).  To qualify for protection under the privilege, materials must be "both predecisional and deliberative." *Pub. Citizen, Inc. v. Off. of Mgmt. & Budget*, 598 F.3d 865, 874 (D.C. Cir. 2010).  A document is predecisional "if it was generated before the adoption of an agency policy and deliberative if it reflects the give-and-take of the consultative process."  *Jud. Watch, Inc. v. FDA*, 449 F.3d 141, 151 (D.C. Cir. 2006) (cleaned up).

Here, the paragraphs following the "Purpose," "Background," and "Recommendation" sub-headings of the Memorandum from Acting Director Renaud to the Secretary were redacted pursuant to the deliberative process privilege. *See* Panter Decl. ¶ 12; Def. Ex. A. Those redacted paragraphs contain Acting Director Renaud's recommendation about a modification to the continuous residence date and the bases for the recommendation. Panter Decl. ¶¶ 16-18.  The

redacted portions were generated by and exchanged within USCIS and the Department as they deliberated whether, and if so how, to change the continuous residence date. *Id.* The pre-decisional and deliberative nature of the Memorandum is further demonstrated by the blank section at the bottom of the document reserved for the Secretary's signature denoting either his approval, disapproval, instructions to modify, or indication that further discussion is needed. *See*, *generally*, Def Ex. A. Thus, Defendant's application of Exemption 5's deliberative process privilege to the redacted portions of the Memorandum was appropriate.

## II.   Defendant Only Withheld Non-Segregable Information The Release of Which Would Cause Reasonably Foreseeable Harm.

The FOIA Improvement Act provides that "[a]n agency shall withhold information ... only if . . . the agency reasonably foresees that disclosure would harm an interest protected by" one of the nine FOIA exemptions. 5 U.S.C. § 552(a)(8)(A). This provision requires agencies withholding information under an exemption to show not only that a withheld record "falls within a FOIA exemption," but also "that the agency 'reasonably foresees that disclosure would harm an interest protected by [the] exemption.'" *Machado Amadis v. Dep't of State*, 971 F.3d 364, 370 (D.C. Cir. 2020) (alteration in original) (quoting 5 U.S.C. § 552(a)(8)(A)(i)(I)).   An agency successfully makes this second, "heightened" showing, *Jud. Watch, Inc. v. Dep't of Com.*, 375 F. Supp. 3d 93, 100 (D.D.C. 2019), by "'identify[ing] specific harms to the relevant protected interests that it can reasonably foresee would actually ensue from disclosure of the withheld materials' and 'connect[ing] the harms in [a] meaningful way to the information withheld,'" *Ctr. for Investigative Reporting v. U.S. Customs & Border Prot.*, 436 F. Supp. 3d 90, 106 (D.D.C. 2019).

Moreover, agencies are required under FOIA to "release 'any reasonably segregable portion of a record.'"  *Leopold v. Dep't of Just.*, 94 F.4th 33, 37 (D.C. Cir. 2024) (quoting 5 U.S.C. § 552(b)).  Thus, "an agency must 'consider whether partial disclosure of information is possible

whenever the agency determines that a full disclosure of a requested record is not possible' and must 'take reasonable steps necessary to segregate and release nonexempt information.'" *Id.* (quoting 5 U.S.C. § 552(a)(8)(A)(ii)(I)–(II)). The D.C. Circuit has directed that "the agency still must release any reasonably segregable information within the record that could be disclosed without causing reasonably foreseeable harm to an interest that the exemption protects" even where "an exemption covers an entire agency record[.]" *Id.*

Here, USCIS did just that. During an April 30, 2024 in-person conference with Plaintiff, Defendant conducted a line-by-line review of the Memorandum, and, as a result, revised its redactions to reveal the previously redacted sub-headings for each paragraph. *See* Panter Decl. ¶ 21. The un-redacted sub-headings—that is, "Purpose," "Background," and "Recommendation"—demonstrate with reasonable specificity that the withheld information that follows could not be further segregated without defeating the exemption. In the weeks following the April 30 conference, Defendant conducted a second line-by-line review of the Memorandum to determine whether any additional portions beyond the sub-headings could be segregated and disclosed to Plaintiff. *See* Panter Decl. ¶ 22. They could not. *Id.*

As previously demonstrated, the redacted portions of the Memorandum consist entirely of Acting Director Renaud's candid recommendation and analysis of a sensitive foreign policy change, prior to its final adoption and inclusion in the Federal Register. *See* Panter Decl. ¶ 23. Agency immigration officials and policymakers must conduct an exhaustive review of country conditions to determine whether a country, here, Haiti, should be designated for Temporary Protected Status. *Id* ¶ 26. During this process, policymakers must also evaluate related Temporary Protected Status considerations, such as the selection of a continuous residence date. *Id.* The concept of continuous residence involves an applicant maintaining a permanent dwelling place in

the United States over a period of time. *Id.* To ensure that potential Temporary Protected Status related decisions, such as continuous residence date, are properly considered, it is critical that immigration policymakers be free to provide candid assessments to agency decision makers (here, the Secretary) for an ultimate recommendation and determination. *Id.*

       Such is the case with the Memorandum here. The recommendation in the Memorandum was based upon analyses by various immigration officials and policymakers of information collected by a wide array of researchers regarding the country conditions of Haiti. *Id.* ¶ 27. That the Memorandum was pre-decisional and deliberative is supported by the blank section reserved for the Secretary's signature denoting his approval, disapproval, instructions to modify, or indication that further discussion is needed. *See generally* Def. Ex. A. The release of the withheld portions of the Memorandum would foreseeably harm Defendant's legitimate interest in the critical and candid give-and-take of this vital consultative process as the agency determines how to proceed in a fraught area implicating foreign relations and would interfere with USCIS's ability to make sound judgments on future sensitive foreign policy matters. *Id.* ¶ 28. Because candid evaluation by immigration officials and policymakers is so important and necessary to the full and proper analysis and fair consideration of Temporary Protected Stats designation decisions, disclosure of the withheld information would impair USCIS's mission in making foreign policy discussions. *Id.* Instead of focusing on providing cogent analysis, recommendations, and guidance, immigration officials and policymakers would temper their discussions with the knowledge that their views and characterizations could be made public. *Id.* Such foreign policy decisions are at their best when immigration officials and policymakers are able to focus on the substance of the information they are reviewing and discussing, and not on whether their recommendations may at some point be made publicly available.

## CONCLUSION

The document at issue in this case contains the pre-decisional discussions between the USCIS Acting Director and the Secretary about a potential change in foreign policy, including their thoughts, impressions, and recommendations. Because disclosure of this information would, in the specific context of the agency action at issue here, actually impede those same agency deliberations going forward, Defendant properly applied Exemption 5. All the redactions Defendant applied are limited to the allowances under the exemption, and after multiple conferences with Plaintiff and line-by-line reviews, all reasonably segregable nonexempt information was disclosed to Plaintiff. Any further releases would cause reasonably foreseeable harm. Accordingly, for the foregoing reasons, the Court should grant summary judgment in favor of Defendant. A proposed order is enclosed herewith.

Dated: June 6, 2024
      Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:    /s/ L'Shauneé J. Robertson
      L'SHAUNTEE J. ROBERTSON,
      D.C. Bar #980248
      Assistant United States Attorney
      601 D Street, NW
      Washington, DC 20530
      (202) 252-1729
      Lshauntee.robertson@usdoj.gov

*Counsel for the United States of America*