UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR IMMIGRATION STUDIES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>　　　　Defendant. | Civil Action No. 22-2107 (TNM) |

**DEFENDANT'S REPLY IN FURTHER SUPPORT
OF ITS MOTION FOR SUMMARY JUDGMENT**

By and through undersigned counsel, Defendant U.S. Citizenship and Immigration Services ("Defendant" or "USCIS") respectfully submits this Reply in further support of its Motion for Summary Judgment (ECF No. 29, "Def. Mot."), and in Opposition to Plaintiff's Cross Motion for Summary Judgment (ECF Nos. 30, 31, "Pl. Mot."). Plaintiff fails to overcome Defendant's demonstration that the redacted portions of USCIS Acting Director Tracy Renaud's three-page memorandum (the "Memorandum") to the Secretary of the Department of Homeland Security (the "Secretary") are protected by Freedom of Information Act ("FOIA") Exemption 5, pursuant to the deliberative process privilege. The withheld material consists of pre-decisional, intra-agency, deliberative recommendations about a potential change of the continuous residence date for Temporary Protected Status ("TPS") for the country of Haiti. Accordingly, the Court should deny Plaintiff's Motion for Summary Judgment and grant summary judgment in favor of Defendant.

**ARGUMENT**

In support of its Motion, Defendant attached the redacted Memorandum in the form it was provided to Plaintiff after multiple line-by-line reviews for segregability. *See generally* Def. Mot.,

Ex. A (ECF No. 29-2). One of the most recent of those reviews, conducted during an in-person meeting while counsel for Plaintiff looked on, resulted in the removal of some of the previous redactions. *See* Panter Decl. (ECF No. 29-1) ¶ 11. After removal of the redactions, what remained visible were the sub-headings "Purpose," "Background," and "Recommendation," and a blank section reserved for the Secretary's signature denoting his approval, disapproval, instructions to modify, or indication that further discussion is needed. The portions that remained redacted were specifically accounted for in the Panter Declaration as containing Acting Director Renaud's recommendation and the bases for the recommendation. Panter Decl. ¶¶ 16-18. The Panter Declaration further explained that the redacted portions were generated by and exchanged within USCIS and DHS, as they discussed whether, and if so how, to change the continuous residence date. *Id.* The Panter Declaration also explained the foreseeable harm in disclosing the redacted information. *Id.* ¶¶ 26-28.

      Plaintiff contends that Defendant neither demonstrated that the Memorandum is covered by the deliberative process privilege, nor that it is reasonably foreseeable that release of the unredacted Memorandum would cause harm to an interest protected by that privilege. Pl. Mot. at 7. Plaintiff further contends—after having observed one of Defendant's line-by-line reviews in real time—that Defendant failed to adequately perform a segregability analysis. *Id.* at 21. Plaintiff's contentions are meritless.[1]

---

[1] USCIS considered, more than once, in line-by-line reviews, whether any additional portions could be segregated and disclosed to Plaintiff. *See* Def. Mot. at 6. One such review occurred during an April 30, 2024, in-person conference, where counsel for Plaintiff observed the review being conducted, and had an opportunity to provide input. As a result, Defendant revised its redactions and re-produced the Memo in its current form. *Id.* In the weeks following the conference, Defendant conducted another line-by-line review of the Memo to determine whether any additional portions beyond the sub-headings could be segregated and disclosed to Plaintiff. *Id.* Plaintiff does not dispute any of this. Accordingly, Plaintiff's baseless contention that Defendant has not performed an adequate segregability analysis (Pl. Mot. at 21) should be rejected outright.

I.     **Plaintiff Fails to Rebut Defendant's Demonstration that the Memorandum Was Deliberative.**

Plaintiff challenges the deliberative nature of the Memorandum because, as Plaintiff contends, the Panter Declaration "does not provide sufficient evidence" to prove that the redacted portions are subject to the deliberative process privilege, and "the Court cannot rely on Defendant's sole affidavit for the basis of its withholdings." Pl. Mot. at 13. Plaintiff is wrong. The Court may indeed rely upon an agency's sole declaration demonstrating the basis for the withholding, as long as it is non-conclusory and is not contradicted by contrary evidence in the record or by evidence of the agency's bad faith. *See Reps. Comm. for Freedom of Press v. FBI*, 3 F.4th 350, 361 (D.C. Cir. 2021). "Ultimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears logical or plausible." *Associated Press v. FBI*, 265 F. Supp. 3d 82, 92 (D.D.C. 2017) (internal quotation marks and citation omitted).

Such is the case here. Contrary to Plaintiff's assertions, the Panter Declaration is neither conclusory nor contrary to evidence in the record. The Declaration explains: (1) who deliberated (USCIS, an agency lacking decisional authority, and the DHS Secretary, who possesses decisional authority); (2) the agency action about which they deliberated (TPS status for Haiti); (3) the role the deliberations played in crafting that action (a modification to the then-existing continuous residence date); and (4) the harms that would result from disclosure (the inability of agency officials and policymakers to candidly share their recommendations and analyses of sensitive foreign policy discussions). Panter Decl. ¶¶ 11, 16, 25-28. Another judge of this Court has found such justifications sufficient in materially identical cases pertaining to Exemption 5 redactions. *See, e.g.*, *Prechtel v. FCC*, 330 F. Supp. 3d 320, 327 (D.D.C. 2018) (finding agency's declaration was sufficiently detailed where it explained who deliberated, the agency action about which they deliberated, the role the deliberations played in crafting that action, and the harms that would result

3

from disclosure, specifically, "a chill on agency staff's ability to weigh options candidly to make decisions"). Other than its own conclusory assertions that the declaration fails, Plaintiff points to nothing that would have made the declaration sufficient as evidence for the Court.

But the Court need not even rely upon the Declaration alone, because here, the Memorandum itself, attached to Defendant's Motion, sufficiently establishes its deliberative character. The portions of the Memorandum that remain visible show that it is a "MEMORANDUM FOR THE SECRETARY," on USCIS letterhead, from its Acting Director, dated prior to the final action. Def. Mot. at 1-2. Also clear from the Memorandum are the sub-headings "Purpose," "Background," and "Recommendation," and a blank section specifically reserved for the Secretary's signature denoting his approval, disapproval, instructions to modify, or indication that further discussion is needed. *Id.* The Panter Declaration together with the Memorandum itself establishes that the Memorandum is pre-decisional and deliberative. Any greater detail about the contents of the Memorandum would defeat the purpose of Exemption 5 and would cause foreseeable harm to the agency's ability to render careful, well considered decisions on important, sensitive matters involving foreign policy.

II.     **Plaintiff Fails to Demonstrate That the Substance of the Memorandum Was Expressly Adopted.**

Failing, as it must, to demonstrate that the Memorandum is not pre-decisional and deliberative, Plaintiff contends that the Memorandum's Exemption 5 protection is lost because its contents "were adopted, formally or informally as the ultimate catalyst and justification for DHS's final policy decision to modify the continuous residence date," and thus became the agency's "working law." Pl. Mot. at 10, 14. Plaintiff bases this speculation on a comparison to an earlier eleven-page document, dated May 22, 2021, that, unlike the Memorandum here, was actually "signed by the DHS Secretary," and to the final announcement of the new continuous residence

date published in the August 3, 2021 Federal Register. *Id.* at 11; *cf* Def. Ex. A (ECF No. 29-2) at 3 (unsigned by Secretary).

Neither the May 22, 2021 document nor the August 3, 2021 Federal Register announcement change the pre-decisional, deliberative nature of the Memorandum at issue here. The instant document is not signed by the Secretary. That alone should dispose of Plaintiff's challenge.

But there is more. Unable to dispute—and all but conceding—that the Memorandum was unsigned by the Secretary, Plaintiff cites *Brennan Center for Justice v. Department of Justice*, 697 F.3d 184 (2d Cir. 2012), to support its argument that the Memorandum nevertheless lost its deliberative character because it was later adopted "as the ultimate catalyst" for the agency's final action. Pl. Mot. at 11. But Plaintiff's reliance upon *Brennan* is misplaced because there is no basis here to conclude that the substance of the Memo—the recommendation together with all its deliberative reasoning—was ever expressly adopted in full by the Secretary. "[A] recommendation does not lose its predecisional or deliberative character simply because a final decisionmaker later follows or rejects it without comment." *Amadis v. Dep't of State*, 971 F.3d 364, 370 (D.C. Cir. 2020). "To the contrary, the Supreme Court has held that the deliberative-process privilege protects recommendations that are approved or disapproved without explanation." *Id.* (citing *Renegotiation Bd. v. Grumman Aircraft Eng'g Corp.*, 421 U.S. 168, 95 (1975). As the D.C. Circuit has recognized, "only express adoption in a nonexempt memorandum explaining a final decision" can strip an otherwise predecisional, deliberative memo of protection. *Afshar v. Dep't of State*, 702 F.2d 1125, 1143 n. 22 (1983); *see Sarras v. Dep't of Just.*, Civ. A. No. 19-0861 (CRC), 2023 U.S. Dist. LEXIS 173166, at *24 (D.D.C. Sep. 27, 2023) ("For the deliberative process privilege to dissipate by virtue of an express adoption, the agency must accept the document's reasoning, not

merely its conclusions") (internal quotation marks and citation omitted). Plaintiff does not, and cannot, show that the Secretary expressly adopted the Memorandum. Thus, Plaintiff's contention that the Memorandum loses Exemption 5 protection on this basis fails.

So, too, does Plaintiff's attempt to shoehorn the Memorandum into the "working law" of the agency. Pl. Mot. at 14. The Memorandum was pre-decisional. Pre-decisional documents reflect the agency "give-and-take" leading up to a decision that is characteristic of the deliberative process. *Tax'n With Rep. Fund v. IRS*, 646 F.2d 666, 677 (D.C. Cir. 1981). Post-decisional documents, on the other hand, often represent the agency's position on an issue, or explain such a position, and thus may constitute the "working law" of an agency. *Id.* A document that is pre-decisional at the time of preparation may lose exempt status if it is "adopted, formally or informally, as the agency position on an issue or is used by the agency in its dealings with the public." *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980).

Again, Plaintiff does not, and indeed cannot, show that the agency expressly adopted the Memorandum. Rather, the only basis for Plaintiff's opinion that it was "informally" adopted is that its bottom-line conclusion is reflected in the agency's ultimate decision to change the continuous residence date. This is not enough. And Plaintiff points to nothing demonstrating that the Memorandum was used by the agency in its dealings with the public. Therefore, the Court should reject Plaintiff's argument that the Memorandum loses Exemption 5 protection by means of subsequent adoption or because it became the agency's working law.

## CONCLUSION

The Memorandum here consists of pre-decisional discussions between the USCIS Acting Director and the Secretary about a potential change in foreign policy, including their thoughts, impressions, and recommendations. This position is supported by the agency's non-conclusory declaration attached to Defendant's Motion, and by the unredacted portions of the Memorandum

itself. In its Opposition and Cross-Motion, Plaintiff failed to rebut these obvious facts. Because Plaintiff points to no evidence that the reasoning discussed in the Memorandum was ever expressly adopted or used by the agency in its dealings with the public, Plaintiff has failed to demonstrate the Memorandum's deliberative character was somehow lost. And, in light of Defendant's multiple segregability analyses, one of which Plaintiff, through counsel, physically observed and which resulted in removal of some of the previous redactions, Plaintiff's contention that Defendant's analysis was insufficient is baseless. All reasonably segregable nonexempt information was disclosed to Plaintiff. Any further release would cause the reasonably foreseeable harm discussed in detail in the Panter Declaration, the type of harm the Court has found legitimate. Accordingly, for the foregoing reasons, and for the reasons established in Defendant's Motion, the Court should grant summary judgment in favor of Defendant.

Dated: August 12, 2024
Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:   /s/ L'Shaunteé J. Robertson
L'SHAUNTEE J. ROBERTSON,
D.C. Bar #980248
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-1729
Lshauntee.robertson@usdoj.gov

*Counsel for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR IMMIGRATION STUDIES,<br><br>        Plaintiff,<br><br>        v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES,<br>        Defendant. | Civil Action No. 22-2107 (TNM) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS**

Pursuant to Federal Rule of Civil Procedure 56(b) and Local Civil Rule 7(h), Defendant U.S. Citizenship and Immigration Services ("Defendant" or "USCIS") respectfully submits this response to Plaintiff Statement of Additional Material Facts, ECF No. 31-2.

1. Admitted.

2. Defendant admits only that it re-produced the three-page memorandum on April 30, 2024. Defendant denies the remainder of this paragraph to the extent that it contains Plaintiff's characterization of the memorandum as "appear[ing] to make final policy determinations and justifications."

3. Defendant respectfully refers the Court to the document as best evidence of its contents.

4. Defendant admits that it produced other records in this litigation.

5. Defendant admits that it produced an earlier, separate memorandum, dated May 22, 2021.

6. Defendant admits that it produced a partly redacted set of emails, and respectfully refers the Court to the documents as best evidence of their contents.

- 2 -

7. Defendant admits that it produced a partly redacted set of emails, and respectfully refers the Court to the documents as best evidence of their contents.

8. Defendant admits that it produced a partly redacted set of emails, and respectfully refers the Court to the documents as best evidence of their contents.

| | |
|---|---|
| Dated: August 12, 2024<br>Washington, DC | Respectfully submitted,<br><br>MATTHEW M. GRAVES, D.C. Bar #481052<br>United States Attorney<br><br>BRIAN P. HUDAK<br>Chief, Civil Division<br><br>By:   /s/ L'Shaunteé J. Robertson   <br>        L'SHAUNTEE J. ROBERTSON,<br>        D.C. Bar #980248<br>        Assistant United States Attorney<br>        601 D Street, NW<br>        Washington, DC 20530<br>        (202) 252-1729<br>        Lshauntee.robertson@usdoj.gov<br><br>*Counsel for the United States of America* |